IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TENASSA HARRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC. d/b/a<br>WALMART, CITY OF HUMBOLDT,<br>TENNESSEE, RAYMOND SIMMONS,<br>in his individual and official<br>capacities as the Chief of Police for<br>the City of Humboldt, and DALE<br>BAKER, in his individual and official<br>capacities as an officer of the<br>Humboldt Police Department,<br><br>    Defendants. | No.:   1:13-cv-2218-JTF-egb<br>JURY DEMANDED |

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion for Summary Judgment, which Plaintiff opposes. This matter has been referred to the Magistrate Judge for a Report and Recommendation. Rule 56 of the Federal Rules of Civil Procedure states in pertinent part that a:

> [J]udgment ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.,* 862 F.2d 597, 601 (6th Cir.1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). It is not sufficient

"simply [to] show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. at 1356.

At the same time, these facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).* Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. In this circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action." *Lord v. Saratoga Capital, Inc.,* 920 F.Supp. 840, 847 (W.D.Tenn.1995) (citing *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989)).

In order to survive a summary judgment motion, the plaintiff must present affirmative evidence sufficient to support a jury verdict in her favor. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50, 106 S.Ct. at 2511 (internal citations omitted). The "judge may not make credibility determinations or weigh the evidence." *Adams v. Metiva,* 31 F.3d 375, 379 (6th Cir.1994). Any doubts as to the existence of a genuine issue of material fact are to be resolved against the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970).

## **Factual Background**

The following facts are undisputed unless otherwise noted. In December 2011, Wal-Mart banned Plaintiff Tenassa Harris ("Plaintiff") from its property. (Declaration of Chief Simmons, ¶

6). Plaintiff disputes that she was banned. (Affidavit of Plaintiff, ¶ 3, 6). Approximately three months later, on March 27, 2012, Plaintiff was present at the Wal-Mart store in Humboldt, Tennessee when she was approached by Johnnie Hurt, loss prevention representative, and informed that he had called the police because Plaintiff had been previously banned from Wal-Mart stores. (Affidavit of Plaintiff, ¶ 2). Mr. Hurt is African American. (Plaintiff's Response to Defendants' Undisputed Facts, p.1). Plaintiff denied that she had been banned from Wal-Mart. (Affidavit of Plaintiff, ¶ 3). Shortly thereafter, Officer Dale Baker (hereinafter "Defendant Baker") arrived at the Wal-Mart store and spoke with Mr. Hurt regarding the call. (*Id.*) Defendant Officer Baker also spoke with Plaintiff about the alleged ban, and Plaintiff denied being banned from Wal-Mart stores. (*Id.*) Prior to that time, Plaintiff had never met or had any interactions with Mr. Hurt or Officer Baker. (*Id.* at 2). Defendant Baker placed Plaintiff under arrest and charged her with the crime of criminal trespass. (*Id.*, ¶ 4). Defendant Chief Simmons was not involved in Plaintiff's arrest. (Plaintiff's Response to Defendants' Undisputed Facts, p.2).

On April 18, 2012, the criminal trespass charge filed against Plaintiff was dismissed by the General Sessions Court of Gibson County, Tennessee, at Humboldt. (*Id.*, ¶ 5) At that hearing, Wal-Mart, through Mr. Hurt, produced a notice form stating that Plaintiff was not allowed in Wal-Mart stores. (*Id.*) The form indicated that the Plaintiff refused to sign; however, Plaintiff maintains that her signature had been forged on the document. (*Id.*) At the hearing, Harris agreed to sign Wal-Mart's Notification of Restriction from Property form. (Declaration of Chief Simmons, ¶ 6). The instant lawsuit followed, and Defendants' City of Humboldt, Raymond Simmons, and Dale Baker have now filed this Motion for Summary Judgment.

**8th Amendment Claim**

Defendants seek summary judgment on the Eighth Amendment claim because, they maintain, the Eighth Amendment's protections apply only after a conviction, and there is no conviction alleged. Plaintiff does not oppose the entry of summary judgment on those claims against Defendants' City of Humboldt, Raymond Simmons, and Dale Baker. Accordingly, the Magistrate Judge recommends Defendants' Motion be granted as pertains to this claim.

### 14th Amendment: Due Process Claim

Citing *Rogriguez v. Passinault*, Defendants next argue that the Fourth Amendment governs the arrests of individuals by police officers, and not the Fourteenth Amendment's due process clause. 637 F.3d 675, 680 n. 4 (6th Cir. 2011). Plaintiff does not appear to respond to this argument. Accordingly, the Magistrate Judge recommends Defendants' Motion be granted as pertains to this claim.

### Equal Protection Clause Claim

Defendants assert that "[a]n equal protection claim requires allegations that Defendants treated [Plaintiff] less favorably under similar circumstances than they treated persons outside of her class. There are no such allegations in this complaint." [Motion at 2]. Defendants state that to state a claim, Plaintiff must allege facts showing that Officer Baker treated similarly situated persons outside of Plaintiff's protected class more favorably than he treated her. *Harajli v. Huron Tp.*, 365 F.3d 501, 508 (6th Cir. 2004). Indeed, in that case, the court insisted that "it is an absolute requirement that the plaintiff make at least a prima facie showing that similarly situated persons outside [his or] her category were treated differently." *Id.* (internal citations omitted). Defendants argue that Plaintiff makes no such factual allegations in this case.

4

In rebuttal, Plaintiff simply states that she has alleged that she is a member of at least one protected class, and that her right to equal protection was violated "based on her arrest and subsequent criminal prosecution committed by Defendant Baker and under the supervision of Defendant Simmons, who are both officials of the City of Humboldt." (Complaint ¶2, 4-6, 45-48). Plaintiff continues, "[i]t is undisputed that Plaintiff has a right under the Equal Protection Clause that is clearly established, and Plaintiff has asserted that her right to equal protection was violated by these Defendants under 42 U.S.C. § 1983." (Id., ¶¶ 36-37, 45-48) Plaintiff argues that under the liberal pleading requirement set forth under the Federal Rules of Civil Procedure, it is clear that the Complaint adequately sets forth a claim under the Equal Protection Clause against these Defendants. *See Ridgway v. Ford Dealer Computer Servs., Inc.*, 114 F.3d 94, 96 (6th Cir. 1997).

As Defendants point out in their Reply, in *Iqbal* the Court held that factual allegations are necessary in an equal protection claim to show that the defendants' actions were "for the purpose of discriminating on the account of race . . . ." *Ashcroft v. Iqbal* 556 U.S. 662, 677 (2009). Plaintiff relies on legal conclusions, which are not enough. The Magistrate Judge can find nothing in Plaintiff's Complaint that satisfies *Iqbal* and allows the Court to draw the inference that Simmons or Baker acted because Plaintiff is an African-American female. While Plaintiff does refer to a 2011 encounter with a Wal-Mart employee, Mr. Crenshaw, who she says she believed was retaliating against her for reporting his use of a racial slur, as Defendant notes, Plaintiff's subjective belief s are simply not enough and, moreover, there are no factual allegations that connect Simmons or Baker to that incident. Officer Baker arrested Plaintiff in response to a call and discussion with Wal-Mart's loss prevention representative Mr. Hurt, an

African-American. Accordingly, the Magistrate Judge recommends Defendants' Motion be granted as pertains to this claim.

## City of Humboldt Immunity

The Tennessee Governmental Tort Liability Act governs the tort claims against municipalities. The City of Humboldt, Tennessee, is a municipality. Defendants state that pursuant to the Act, the city is immune from suit for malicious prosecution, false arrest, intentional infliction of mental distress, abuse of process, and for claims arising out of the violation of Plaintiff's civil rights. Plaintiff does not oppose the entry of summary judgment with regard to the malicious prosecution, false arrest, intentional infliction of mental distress, and abuse of process claims. Accordingly, the Magistrate Judge recommends dismissal of these claims.

Regarding claims arising out of the violation of Plaintiff's civil rights, Defendants correctly assert that the city is also immune for tort claims arising out of civil rights violations. *Huff v. City of Camden,* 2009 WL 276770 at *12 (W.D.Tenn.) Defendants maintain, and Plaintiff does not appear to refute, that Harris's negligent-infliction of-emotional-distress claim arises out of the alleged violations of her civil rights. Accordingly, the city is immune from suit regarding this claim as well.

Therefore, the Magistrate Judge recommends that the Court grant Defendants' Motion as it pertains to Harris's negligent-infliction-of-emotional-distress claim against the city.

## Tennessee Constitution

Plaintiff has reviewed the Defendants' arguments regarding her claims for damages based upon those violations complained of herein pursuant to the Tennessee State Constitution. Based upon those arguments and the applicable law thereon, Plaintiff does not oppose the entry of

summary judgment on those claims against Defendants' City of Humboldt, Raymond Simmons, and Dale Baker. Accordingly, the Magistrate Judge recommends entry of summary judgment on these claims.

## Chief Simmons Immunity in Individual Capacity

Supervisory liability under 42 U.S.C. § 1983 arises from the Supreme Court's opinion in *Rizzo v. Goode*, 423 U.S. 362 (1976). In *Rizzo*, the Court found that the mayor, city managing director, and police commissioner were not liable for the constitutional violations by the city's police officers because "there was no affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy by [the defendants]-express or otherwise-showing their authorization or approval of such misconduct." *Id.* at 371. The Court rejected the idea that supervisory liability under section 1983 could attach on the basis of respondeat superior, holding that the mere failure to act was not a sufficient basis for liability. Instead, officials should be personally liable in damages only for their own unconstitutional behavior. *Accord Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir.1995)(supervisory liability cannot be imposed in a Section 1983 action based on the theory of respondeat superior without proof of personal involvement); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir.2002) (quoting *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989))("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'").

Plaintiff claims that Defendant Baker lacked probable cause in her arrest and that Defendant Simmons, Chief of Police, is liable for the actions of Defendant Baker, as his acting supervisor. (Affidavit of Plaintiff ¶ 5, 7). Furthermore, Plaintiff argues that Defendant Simmons is not entitled to qualified immunity because a "supervisory official may be held liable . . . when

he 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" Defendants agree that this legal statement is correct, but point out that Plaintiff must plead factual allegations that allow the Court to draw the reasonable inference that Simmons "either encouraged the specific incident of misconduct or in some other way directly participated in it," and argue that she has failed to do so. *Howell v. Sanders*, 668 F.3d 344, 351 n.3 (6th Cir. 2012). Plaintiff must plead that Defendant Simmons violated the Constitution through his own actions. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

In response to the Motion for Summary Judgment, Plaintiff believes she has presented a genuine issue of material fact that precludes summary judgment and that Defendant Simmons is not entitled to qualified immunity. Under 42 U.S.C. § 1983, an officer can be held liable when he fails to perform a duty and, because of his inaction, denies a person of a basic right. *See, Smith v. Ross,* 482 F.2d 33, 36-37 (6th Cir. 1973). As Defendant Baker's supervisor, Plaintiff alleges, Defendant Simmons owed Plaintiff a duty to properly supervise and train Defendant Baker to protect Plaintiff from the harm in which she suffered. (Complaint ¶ 7). Furthermore, Plaintiff alleges that Defendant Simmons owed a duty to properly supervise Defendant Baker to prevent the arrest and criminal prosecution of persons pursuant to unsupported claims. (Plaintiff's Response at § II (C) (3), p. 11 (D.E. No. 17, Page ID 121)).

Plaintiff's allegations and the facts do not show that Defendant Simmons violated Plaintiff's constitutional rights. Defendant Simmons was not involved in the arrest of Plaintiff so he could not have violated Plaintiff's rights. (Chief Simmons Decl. ¶ 3).

A city can be liable for a failure to train "only when 'a failure to train reflects a deliberate or conscious choice.'" *Davenport v. Simmons,* 192 F.Supp.2d 812, 825 (W.D. Tenn. 2001)

(quoting *City of Canton v. Harris,* 489 U.S. 378, 389 (1989). A failure to train reflects deliberate indifference in two circumstances: (1) "failure to provide adequate training in light of foreseeable consequences that could result from a lack of instruction" or (2) failure to "act in response to repeated complaints of constitutional violations by its officers." *Brown v. Shaner,* 172 F.3d 927, 931 (6th Cir. 1999).

In this case, neither of the circumstances supporting a failure to train claim exist. Defendant Simmons's affidavit establishes that the city requires its officers to be graduates of a training academy certified by Tennessee's Peace Officers Training Commission. (Chief Simmons Decl. ¶ 9). And the officers must complete forty hours of annual in-service training. (*Id.*). Second, Plaintiff's training claim fails for lack of causation. Defendant Simmons has not received any complaints of Defendant Baker in regards to arrests made without probable cause. (*Id.* ¶ 9). Therefore, there can be no showing that the training is deficient.

Because Plaintiff has not pleaded any factual allegations regarding Defendant Simmons, she has not stated an individual-capacity claim against him. Therefore, the Magistrate Judge recommends that the Court grant Defendants' Motion as it pertains to this claim.

**Malicious Prosecution**

In *Sykes v. Anderson*, the Sixth Circuit explained the elements of a malicious prosecution claim under § 1983:

> The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006) (internal quotation marks omitted). The "tort of malicious prosecution" is "entirely distinct" from that of false arrest, as the malicious-prosecution tort "remedies detention accompanied not by absence of legal process, but by *wrongful*

9

> *institution* of legal process." *Wallace v. Kato*, 549 U.S. 384, 390, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) (internal quotation marks omitted). . . .
>
> To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute." *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002). Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution, *Fox*, 489 F.3d at 237; *Voyticky*, 412 F.3d at 675. Third, the plaintiff must show that, "as a consequence of a legal proceeding," the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007); *see Gregory v. City of Louisville*, 444 F.3d 725, 748-50 (6th Cir. 2006) (discussing the scope of "Fourth Amendment protections ... beyond an initial seizure," including "continued detention without probable cause"); *cf. Heck v. Humphrey*, 512 U.S. 477, 484, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("[U]nlike the related cause of action for false arrest or imprisonment, [an action for malicious prosecution] permits damages for confinement imposed pursuant to legal process."). Fourth, the criminal proceeding must have been resolved in the plaintiff's favor. *Heck*, 512 U.S. at 484, 114 S. Ct. 2364 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

*Sykes v. Anderson*, 625 F. 3d 294, 308-09 (6th Cir. 2010) (additional citations and footnote omitted).

Defendants make two distinct arguments regarding malicious prosecution in their Motion. First, they argue that to state a malicious-prosecution claim, the Plaintiff must allege facts that allow the Court to draw the reasonable inference that Defendants are liable for malicious prosecution. This requires factual allegations establishing, among other things, that the

officer lacked probable cause. Plaintiff must also prove that the criminal prosecution terminated in her favor which leads to Defendants' second argument. Defendants argue that that the record shows that the criminal prosecution did not terminate in Plaintiff's favor. A malicious-prosecution claim cannot proceed if the underlying criminal charge did not terminate in plaintiff's favor. Defendants argue that a termination resulting from a compromise with the accused will not support a malicious-prosecution claim.

The elements of Plaintiff's malicious-prosecution claim are that (1) Officer Baker lacked probable cause to arrest Plaintiff for criminal trespass, (2) he filed the criminal charges with malice, and (3) the legal proceeding was terminated in Plaintiff's favor. *Himmelfarb v. Allain,* 380 S.W.3d 35, 38 (Tenn. 2012). Plaintiff alleges that Defendant Baker lacked probable cause because there was no evidence that Plaintiff was trespassing while in the Wal-Mart store. The only evidence according to Plaintiff was that Defendant Baker spoke with the loss prevention employee. Furthermore, Plaintiff alleges that because of a prior incident at another Wal-Mart location, Defendant Baker acted with malice and with the motive of punishing Plaintiff. By having the criminal trespassing charges dismissed, Plaintiff asserts that the legal proceedings were terminated in her favor. (Plaintiff Affidavit ¶ 5).

Plaintiff's claim that Defendant Baker lacked probable cause, however, does not allege any facts that would constitute such a claim. A police officer can base his probable cause determination on the statements of a witness. *See, e.g., Ahlers v. Schebil,* 188 F.3d 365, 370 (6th Cir 1999). In this case, Plaintiff alleges that Defendant Baker talked to the loss prevention employee, and then arrested her. Defendant Baker has a history of working with Wal-Mart's loss prevention employees and has personally worked with the loss prevention employee, Mr. Hurt, in this case. (Baker Decl. ¶7). Defendant Baker has found Mr. Hurt to be reliable and had no

11

reason to doubt his credibility. (*Id.*). Plaintiff admits that the loss prevention officer, Mr. Hurt, told Defendant Baker that Wal-Mart had banned Plaintiff from its stores. (Response to Defendants' Statement of Undisputed Material Facts p. 2). Because Plaintiff was present at Wal-Mart and the loss prevention employee told Defendant Baker she had been banned, Defendant Baker arrested Plaintiff and charged her with criminal trespass. (Baker Decl. ¶ 10). Plaintiff's limited allegations are not sufficient to allow "this Court to draw the reasonable inference that" Defendant Baker lacked probable cause, nor does the evidence support Plaintiff's claim. *Ashcroff v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, the claim of Defendant Baker arresting Plaintiff with malice is not supported by any evidence.

A malicious prosecution claim cannot proceed if the underlying criminal charge did not terminate in plaintiff's favor. Because the criminal trespass charge filed against Plaintiff was dismissed by the General Sessions Court, Plaintiff claims that the legal proceedings were terminated in her favor because the case lacked merit. (Affidavit of Plaintiff ¶ 5). In *Parish,* the Tennessee Supreme Court held that if the dismissal of a claim indicates that the person is innocent of wrongdoing, then it will be considered a favorable termination under a claim of malicious prosecution. *Parish v. Marquis,* 172 S.W.3d 526, 531 (Tenn. 2006). However, as noted on the judgment itself, "notify Wal-Mart to sign agreement then will dismiss," the court dismissed the charges after the notification that Plaintiff could not come into any Wal-Mart store was signed. (Chief Simmons Exhibit B). The day after said notification was signed by Plaintiff, the court dismissed the criminal trespass charge (*Id. ¶* 7).

In determining whether a specific result was a favorable termination, a court must examine the circumstances of the underlying proceeding. *Parish,* 172 S.W.3d at 531. In this case, Plaintiff's criminal trespass charge was dropped the day after she signed the notification

indicating she would no longer enter any Wal-Mart store. According to *Mitchem v. Johnson City,* while various modes of termination can be construed as favorable to an accused, a cause dismissed pursuant to a compromise and/or settlement is an indecisive termination and, thus, cannot sustain an action for malicious prosecution. *Mitchem v. City of Johnson City,* No. 2:08–CV–238, 2010 WL 4363399, at *6 (E.D.Tenn. Oct. 27, 2010) (quoting *Bowman v. Breeden,* 1988 WL 136640, at *2 (Tenn.Ct.App. Dec. 20, 1988)), *supplemented by* 2010 WL 4362550 (E.D.Tenn. Oct. 28, 2010). Before the General Sessions Court dismissed the criminal trespass charge, Plaintiff agreed to not enter any Wal-Mart store by signing the notification. Therefore, there was not a favorable determination and Plaintiff cannot establish a claim for malicious prosecution.

Plaintiff's Complaint does not allege facts that if true would allow this Court to reasonably conclude that Baker lacked probable cause. Defendants have provided evidence that establishes probable cause. Additionally, Plaintiff has not alleged facts allowing a reasonable inference that Defendant Baker arrested her with malice, and admits that she had never met Defendant Baker prior to the arrest. Finally, the criminal charge did not terminate in Plaintiff's favor, but was a compromise. Therefore, the Magistrate Judge recommends that the Court grant Defendants' Motion for Summary Judgment as it pertains to the malicious prosecution claim.

### Abuse of Process

The parties agree that in Tennessee there are two elements to an abuse-of-process claim: "'(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge.'" *Givens v. Mullikin ex rel Estate of McElwaney*, 75 S.W.3d 383, 400-01 (Tenn. 2002) (citations omitted). The essence of the claim

"is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish." *Id.* at 400 (citations and internal quotation marks omitted). In other words, abuse of process involves a defendant using the process "outside of its lawful course to the accomplishment of some object other than that for which it is provided . . . ." *Priest v. Union Agency*, 174 Tenn. 304, 125 S.W.2d 142, 143 (1939).

Defendants argue that Plaintiff's abuse-of-process allegations are conclusory. Citing *Ashcroft v. Iqbal*, 556 U.S. at 678, Defendants maintain that Plaintiff does not allege any facts "[that allow] the Court to draw the reasonable inference that" Baker used legal process "other than such as would be proper in the regular prosecution of the charge." *Givens v. Mullikin Ex Rel Estate of McElwaney*, 75 S.W.3d at 400-01.

In response, Plaintiff states that her arrest in this matter was done without probable cause because there was no evidence that she was trespassing while in the Wal-Mart store. (Affidavit of Plaintiff, ¶¶ 3-4). She also states that it is clear that Defendant Baker acted with malice and with the improper motive of punishing Plaintiff for a prior incident occurring at the Wal-Mart in South Jackson with Greg Crenshaw, loss prevention representative, who Defendant Baker called once Plaintiff was handcuffed in the back of the patrol car. (*Id.*, ¶7). Finally, Plaintiff asserts that it is beyond dispute that the legal proceedings were terminated in Plaintiff's favor because the charges were dismissed by the General Sessions Court. (*Id.*, ¶ 5).

The Magistrate Judge agrees with Defendants that Plaintiff has failed to allege facts that allow the Court to draw the reasonable inference that Baker used legal process other than such as would be proper in the regular prosecution of the charge. Plaintiff's Complaint, as previously

noted, does not allege facts that if true would allow this Court to reasonably conclude that Baker lacked probable cause, and the Magistrate Judge finds the claim of Defendant Baker arresting Plaintiff with malice not supported by any evidence. Finally, the Magistrate Judge has found that the legal proceedings were not terminated in Plaintiff's favor. Accordingly, the Magistrate Judge recommends that the Court grant Defendants' Motion for Summary Judgment on this claim.

### Qualified Immunity: Baker and Simmons

Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Humphrey v. Maybray*, 482 F.3d 840, 847 (6th Cir. 2007) (citations omitted). Once the defendant raises the qualified-immunity defense, "the burden is on the plaintiff to demonstrate that the . . . defense is unwarranted." *Sutton v. Metropolitan Government of Nashville and Davidson County,* 700 F.3d 865, 870 (6th Cir. 2012). "The facts as alleged must show that the defendant violated a constitutional right and that the right was clearly established . . . ." *Id.*

Defendants assert that Baker and Simmons are entitled to qualified immunity because they did not violate a clearly established constitutional right. Defendants state that the record establishes that Baker had probable cause to arrest Harris and that Simmons had no personal involvement. Because Baker had probable cause to arrest Harris and Simmons was not involved, they did not violate Harris's constitutional rights, thus they are entitled to qualified immunity.

The Magistrate Judge has found that Defendant Baker had probable cause, and finds the qualified immunity defense warranted. The Magistrate Judge has recommended above that qualified immunity applies to Defendant Simmons.

## The City of Humboldt's Liability Under § 1983

As Plaintiff notes, in order to prevail on a claim under § 1983, a plaintiff must show that she "'was deprived of a right secured by the Federal Constitution or laws of the United States *by a person acting under color of state law*.'" *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis in original) (*quoting*, *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). A local government may be held liable when an employee injures another, where the employee is acting pursuant to the government's policy or custom and the injury results from the employee's adherence to that policy or custom. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). It is not necessary that the government formally accept the policy or custom, *Id.* at 690-91, but the policy or custom must be so well established as to constitute a custom or usage with the force of law. *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (*quoting*, *Adickes*, 398 U.S. at 167-68).

In order to impose liability on a municipality pursuant to §1983, the plaintiff must show that the municipality, through its deliberate conduct, was the moving force behind the injury. *Bryan County v. Brown*, 520 U.S. 397, 404 (1997). The plaintiff must show that there is a direct causal link between the municipal action and the deprivation of federal rights. *Id.* The Supreme Court has further held that in appropriate cases a municipality can be held liable under §1983 for decisions made by its policymakers, even if the action *is to be taken only once*. *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986) (emphasis added). The Supreme Court has assumed that an unconstitutional governmental policy could be inferred from a single decision taken by the highest official responsible for setting policy in that area of the government's business. *Praprotnik*, 485 U.S. at 123. The municipality can be held liable where the policymaker has final authority to establish the municipal policy in the area in question and makes a deliberate choice

to follow a particular course of action in the area where there exists various alternative choices. *Pembaur*, 475 U.S. at 481-83. The necessary authority may be expressly granted by law or may be delegated by another official who has been granted such authority. *Id.* at 483. Courts may also examine local practices and customs to determine whether an official has final policymaking authority. *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (*quoting*, *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737 (1989)).

Finally, the Supreme Court has held that in limited cases a municipality can be held liable under § 1983 for its failure to train its employees when the failure to train "evidences a 'deliberate indifference' to the rights of its inhabitants." *Canton v. Harris*, 489 U.S. 378, 426-27 (1989). In these cases, the deliberate or conscious failure to train would constitute a municipal policy. *Id.*

Plaintiff cites *Ridgway v. Ford Dealer Computer Servs., Inc.*, to support her argument that "[u]nder the liberal pleading requirement . . . [of] the Federal Rules of Civil Procedure . . . [her] Complaint adequately sets forth" an equal-protection claim. 114 F.3d 94, 96 (6th Cir. 1997). As the Court has noted *supra*, *Ridgway* cites *Conley v. Gibson* for support, but in 2007 the Supreme Court abrogated the *Conley v. Gibson* pleading standard. And in 2009 in *Ashcroft v. Iqbal,* the Supreme Court ruled that *Twombly* applied to all types of cases. 556 U.S. 662, 684 (2009).

Defendants argue that Plaintiff's Complaint, while making legal conclusions, fails to provide any factual content that would support her §1983 claim against the city of Humboldt. She has failed to provide factual content to allow the Court to draw the reasonable inference that the city had a policy, custom, or procedure that caused a violation of Harris's constitutional

rights. The Magistrate Judge agrees that Plaintiff's legal conclusions alone, without more, are insufficient and that this is fatal to her § 1983 claim against the city. *See Morris v. City of Memphis*, 2012 WL 3727149 at *2-3 (W.D.Tenn.). Accordingly, the Magistrate Judge recommends that Defendants' Motion be granted as it pertains to this claim.

**Additional Time to File Response**

Plaintiff's counsel claims that Defendants' Motion for Summary Judgment is not ripe for adjudication in light of the fact that parties have not completed discovery in this matter. Rule 56(d) of the Federal Rules of Civil Procedure provides "[i]f a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." An affidavit stating that "the parties have not yet engaged in discovery which would be sufficient for Plaintiff to respond to the [motion]," was submitted by the Plaintiff's counsel. (Affidavit of Robert L. Thomas ¶ 6). In addition, Plaintiff claims that the Defendants' rely heavily on the training that Defendant Baker received during the course of his employment and have no way to test the validity of this assertion due to the limited discovery in this matter.

However, Plaintiff's affidavit "must state with 'some precision the materials [she] hopes to obtain with further discovery, and how exactly [she] expects those materials would help [her] in opposing summary judgment.'" *Summer v. Leis,* 368 F.3d 881, 887 (6th Cir. 2005) (citing *Simmons Oil Corp. v. Tesoro Petroleum Corp.,* 86 F.3d 1138, 1144 (Fed. Cir. 1996). Upon further review, Plaintiff does not specify the materials she wishes to obtain and how said materials would assist her opposition, thus she has failed to meet this criteria. Regardless, this

18

matter has already been ruled on by the Court. Plaintiff was permitted an extension of time up to thirteen days to file a response to Defendants' Motion for Summary Judgment. The Court found this extension adequate to allow Plaintiff to complete its discovery, and therefore, this matter has been ruled on.

Respectfully submitted this 1st day of July, 2014.

                **<u>s/Edward G. Bryant</u>**
                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**