IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TENASSA HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.  1:13-cv-2218-JTF-egb |
| | ) | |
| WAL-MART STORES, INC. d/b/a/ | ) | |
| WALMART, CITY OF HUMBOLDT, | ) | |
| TENNESSEE, RAYMOND SIMMONS, | ) | |
| In his individual capacity and official | ) | |
| capacities as the Chief of Police for | ) | |
| the City of Humboldt, and DALE | ) | |
| BAKER, in his individual and official | ) | |
| Capacities as an officer of the | ) | |
| Humboldt Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants City of Humboldt, Raymond Simmons, and Dale Baker's Motion for Summary Judgment filed on August 27, 2013. (ECF No. 11.)   On October 15, 2013, Plaintiff filed her Response to Defendants' Motion for Summary Judgment.  (ECF No. 17.) On February 19, 2014, the Court referred the motion to the United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b).  (ECF No. 19.)   On July 1, 2014, the Magistrate Judge issued his Report and Recommendation that Defendants' Motion for Summary Judgment be granted.  (ECF No. 26.)   Plaintiff filed objections to the Magistrate's Report and Recommendation on July 15, 2014 (ECF No. 28.), to which Defendants responded on July 25, 2014 (ECF No. 30.).

1

After reviewing Defendants Motion for Summary Judgment, Plaintiff's Response, the Magistrate's Report and Recommendation, Plaintiff's Objections, Defendants' response, and the entire record, the Court finds the Objections should be overruled and the Magistrate's Report and Recommendation should be adopted. Thus, Defendants' Motion for Summary Judgment is **GRANTED**, and the case **DISMISSED** with prejudice as to these defendants.

## I. FACTUAL HISTORY

The Plaintiff filed no objections to the Magistrate Judge's proposed facts. Consequently, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history of this case.

## II. STANDARD OF REVIEW

### A. Magistrate Judge's Reports and Recommendations

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999). These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). They may also include dispositive matters such as a motion for summary judgment or a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). When a dispositive matter is referred, the magistrate judge's duty is to issue proposed findings of fact and recommendations for disposition, which the district court may or may not adopt. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review

that is applied by the district court depends on the nature of the matter considered by the magistrate judge.

If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, if the magistrate judge order was issued in response to a dispositive motion, the district court should engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 *2 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non[-]dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard.")

### B. Summary Judgment

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine [disputed] issues of material fact, and the evidence as well as all inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.,* 799 F.2d 1128, 1133 (6th Cir. 1986); *see* Fed. R. Civ. P. 56(a). The moving party can meet this burden by showing respondent, after having sufficient opportunity for discovery, has no evidence to support an essential element of his case. *See* Fed. R. Civ. P. 56(c)(2); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989).

District courts "possess the power to enter summary judgment sua sponte, so long as the

losing party was on notice that she had to come forward with all of her evidence." *Bowling v. Wal-Mart Stores, Inc.*, 233 Fed.Appx. 460, 464 (6th Cir. 2007). Because "the scope of discovery is within the sound discretion of the trial court," the non-movant has "no absolute right to additional time for discovery." *Id.* Summary Judgment may be entered before the end of the discovery period, as long as there was a chance for sufficient discovery. *Id.*

When confronted with a properly supported motion for summary judgment, the respondent must set forth specific facts showing that there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c). A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Furthermore, one may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Instead, the nonmoving must present "concrete evidence supporting [her] claims." *Cloverdale Equip. Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir. 1989) (citations omitted); *see* Fed. R. Civ. P. 56(c)(1). The district court does not have the duty to search the record for such evidence. *See* Fed. R. Civ. P. 56(c)(3); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). The nonmoving has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in her favor. *See* Fed. R. Civ. P. 56(c)(1); *InterRoyal Corp.*, 889 F.2d at 111.

## IV. <u>ANALYSIS</u>

On July 1, 2014, the Magistrate Judge issued his Report and Recommendation regarding

Defendants' Motion for Summary Judgment. In addition to proposed findings of fact, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment should be granted. Plaintiff filed objections to the Magistrate's Report and Recommendation on July 15, 2014 which are discussed below.

### A. Additional Time to File Response

Plaintiff claims, as part of his objections to the Magistrate Judges' findings, that Defendants' Motion for Summary Judgment is not ripe for adjudication because the parties have not completed discovery. Plaintiff filed with the Court a Motion to Amend the Scheduling Order, complete with a Rule 56(d) affidavit. The Affidavit states that "(a)t this early stage in the discovery process, the Plaintiff is unable to 'present facts essential to justify its opposition' to the Motion for Summary Judgment, Fed. R. Civ. P. 56(d), and needs to complete additional discovery, including written discovery and depositions, in this matter in order to test the veracity of the Defendants' declarations and to properly respond to said motion." (ECF No. 13.) As the Magistrate Judge observed, this Court has already ruled on Plaintiff's motion by granting an additional thirteen days to respond. (ECF No. 15.)

Summary judgment may be entered before the end of the discovery period, as long as there has been a sufficient time for discovery. *Bowling v. Wal-Mart Stores, Inc.*, 233 Fed.Appx. 460 (6th Cir. 2007). However, if a party needs additional time to respond or needs to conduct additional discovery, a properly supported motion must be filed with the court. Fed. R. Civ. P. 56(d) provides: "[i]f a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or take discover; or (3) issue any other appropriate order." In addition, it has been observed that "[b]are allegations or vague

assertions of the need for discovery are not enough. . . . . In order to fulfill the requirements of Fed. R. Civ. P. 56([d]), [plaintiff] must state with some precision the material [she] hopes to obtain with further discovery, and how exactly [she] expects those materials would help [her] in opposing summary judgment." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004).

Plaintiff was allowed additional time to respond to the Defendants' Motion for Summary Judgment, and the Court notes that Plaintiff made no additional requests for time to respond. Also, besides vague requests for additional discovery, Plaintiff does not specify with any precision the materials she wishes to obtain and how said materials would assist her in opposing the Motion. Further, the parties indicated that they would not engage in any additional discovery until after the Court's ruling on the Motion for Summary Judgment. (ECF No. 24.) Thus, she failed to meet the requirements of Rule 56(d). Therefore, any objection relative to her request for additional time to respond is DENIED.

**B.  Fourteenth Amendment: Equal Protection Claim**

In his Report and Recommendations, the Magistrate Judge determined that Plaintiff's claims under the Equal Protection Clause should be dismissed because the Plaintiff is unable to establish a claim under the Fourteenth Amendment. Plaintiff objects that the Defendants are not entitled to summary judgment with regard to her equal protection claim arguing: 1) that as an African-American female, she is a member of at least one protected class; and 2) she was singled out in the past for discriminatory treatment by a Wal-Mart employee, who was acquainted with Defendant Baker. In response, Defendants contend that Plaintiff must allege facts showing Defendant Baker treated similarly-situated persons outside of Plaintiff's protected class more favorably than he treated her. *See Harajli v. Huron Tp.*, 365 F.3d 501, 508 (6th Cir. 2004).

In Plaintiff's Response to Defendants' Motion for Summary Judgment, she argues that

6

under the liberal pleading requirement of the Federal Rules of Civil Procedure, her Complaint adequately sets forth a claim against the Defendants under the Equal Protection Clause. *Ridgeway v. Ford Dealer Computer Servs., Inc.*, 114 F.3d 94, 96 (6th Cir. 1997). Defendants reply that the Supreme Court in *Iqbal* held that factual allegations are necessary in an equal protection claim to show that the defendants' actions were "for the purpose of discriminating on the account of race . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The Magistrate Judge found nothing in Plaintiff's Complaint that satisfies *Iqbal* and allows the Court to draw the inference that Simmons or Baker acted because of Plaintiff's race.

In responding to a Rule 56(c) motion, the non-movant must demonstrate that there is "significant probative evidence" to support their claims, not just a mere doubt about the material facts involved. *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). A "mere existence of a scintilla of evidence" supporting the non-movant's stance is not enough; the evidence must be sufficient for a jury to be able to find in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XVI, § 1. It "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.C.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). Thus, [i]n order to state an equal protection claim, Plaintiff must show that Defendants treated Plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"

7

*Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). Here, Plaintiff has failed to establish any evidence that the Defendants treated similarly situated persons outside of Plaintiff's protected class more favorably. Therefore, the Plaintiff's Objection to the Magistrate's Report and Recommendation on the Equal Protection claim is DENIED.

### C. Malicious Prosecution Claim

The Magistrate Judge concluded that Defendant Baker had sufficient information to establish probable cause. Consequently, the malicious prosecution claim was without merit.

Plaintiff argues in her response to the summary judgment motion, and again in her objection to the Magistrate Judge's Report and Recommendation that the record supports a malicious prosecution claim on the basis that: (1) Officer Baker lacked probable cause to arrest Plaintiff for criminal trespass; (2) Officer Baker filed the criminal charges with malice; and (3) the legal proceeding was terminated in Plaintiff's favor. The Magistrate Judge indicated that the (1) Defendants provided evidence that established probable cause; (2) Plaintiff has not alleged facts that establish a reasonable inference that Defendant Baker acted with malice; (3) Plaintiff admits that she had never met Defendant Baker prior to the arrest; and (4) the criminal charge did not terminate in Plaintiff's favor, but was a compromise.

A police officer can base his probable cause determination on statements of witnesses. *See Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999). In this case, Defendant Baker spoke with a Walmart loss prevention employee, Mr. Hurt, with whom he had a prior work relationship. (ECF No. 11-2 ¶ 7). Mr. Hurt told Defendant Baker that the Plaintiff was banned from the store and showed Defendant Baker a Notification of Restriction from Property dated December 28, 2011. (ECF No. 11-2 ¶ 6). This communication provided Defendant Baker sufficient probable cause to arrest Plaintiff and remove her from the premises.

Additionally, the legal proceedings underlying this case did not terminate in Plaintiff's favor. Prior to the General Sessions Court dismissing the criminal trespass charge, Plaintiff signed a new notice form and agreed to not enter any Wal-Mart store. This compromise did not terminate the proceedings in Plaintiff's favor. A cause dismissed pursuant to a compromise and/or settlement is an indecisive termination and cannot sustain an action for malicious prosecution. *Mitchem v. City of Johnson City*, No. 2:08-CV-238, 2010 WL 4363399 at *at (E.D. Tenn. Oct 27, 2010)(quoting *Bowman v. Breeden*, 1988 WL 136640, at *2 (Tenn.Ct.App. Dec. 20, 1988)).

The Court has review the record and can find no factual support for Plaintiff's position on this issue. Plaintiff is incorrect in her assertions that Defendant Baker lacked probable cause to arrest her and that the underlying legal proceedings terminated in her favor. Therefore, the Plaintiff's Objection to the Magistrate's Report and Recommendation on the Malicious Prosecution claim is DENIED.

**D. <u>Abuse of Process</u>**

Under Tennessee law, an abuse of process claim requires a plaintiff to prove "(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge." *Givens v. Mullikin ex rel Estate of McElwaney*, 75 S.W.3d 383, 400-01 (Tenn. 2002) (citations omitted). Defendants maintain that Plaintiff has presented no proof whatsoever to show that Defendant Baker used legal process in a manner other than what would be proper in the regular prosecution of this charge. In response, Plaintiff only states once again that her arrest in this case was without probable cause because there was no evidence that she was trespassing while in the Wal-Mart store. She further argues that the proceedings were terminated in her favor. The Court has found, *supra*, that Defendant

9

Baker did not lack probable cause and that the legal proceedings did not terminate in the Plaintiff's favor. Therefore, the Plaintiff's Objection to the Magistrate's Report and Recommendation on the Abuse of Process claim is DENIED.

### E. Qualified Immunity: Baker and Simmons

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Government officials" includes police officers. *Jefferson v. Lewis*, 594 F.3d 454, 459 (6th Cir. 2010) (citing *Hills v. Kentucky*, 457 F.3d 583, 587 (6th Cir. 2006)).

The determination of qualified immunity rests on a standard of objective legal reasonableness. *Messerschmidt v. Millender*, 132 S.Ct. 1235, 1245 (2012) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). "A defendant enjoys qualified immunity on summary judgment unless the facts alleged and the evidence produced, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Morrison v. Board of Trustees of Green Township*, 583 F.3d 394, 400 (6th Cir. 2009), citing *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008).

Plaintiff asserts violations of her Fourth Amendment rights to be free from illegal searches and seizures which extend to state governments through the Fourteenth Amendment. *See e.g.*, *Illinois v. Caballes*, 543 U.S. 405 (2005); *United States v. Leon*, 468 U.S. 897 (1984); and *Illinois v. Gates*, 462 U.S. 213 (1983). Accordingly, the right to be free from illegal searches and seizures is "clearly established" and thus, satisfies the second prong of the *Morrison*

test for qualified immunity.

The Fourth Amendment guarantees people the right to be free from unreasonable searches and seizures and to be secure in their homes and personal effects. U.S. Const. amend IV. The Fourth Amendment also requires probable cause in order to issue a warrant. *Id.* Probable cause for an arrest exists where the facts and knowledge that an officer possesses would cause a reasonably prudent person to believe that the person to be arrested has committed a crime. *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citing *Brinegar v. United States*, 338 U.S. 160, 175–176 (1949); *Henry v. United States*, 361 U.S. 98, 102 (1959)). Furthermore, probable cause to conduct a search exists when a reasonable person has probable cause to believe that evidence of a crime will be found in the place to be searched. *United States v. Giacalone*, 541 F.2d 508, 513 (6th Cir. 1976). The courts analyze this theory under a standard of reasonableness based on "an examination of all facts and circumstances within an officer's knowledge at the time of an arrest." *Crockett v. Cumberland College*, 316 F.3d 571, 580 (6th Cir. 2003) (quoting *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999)).

The Magistrate Judge found, and this Court agrees, that Officer Baker had probable cause to arrest Plaintiff and that he did not violate Plaintiff's constitutional right. Defendant Simmons was not involved and also did not violate the Plaintiff's constitutional rights. Therefore, the Plaintiff's Objection to the Magistrate's Report and Recommendation on the Qualified Immunity of Defendants Baker and Simmons is DENIED.

### F. **Chief Simmons' Immunity in Individual Capacity**

In his Report and Recommendation, the Magistrate Judge recommends that Plaintiff's claims against Defendant Simmons be dismissed because Plaintiff has failed to show that Defendant Simmons violated her rights. Plaintiff objects that a supervisory official may be held

liable for the actions of his subordinates pursuant to 42 U.S.C. §1983 when he "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Defendants argue that Plaintiff must plead facts that allow the Court to draw the reasonable inference that Simmons "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Howell v. Sanders*, 668 F.3d 344, 351 n.3 (6th Cir. 2012).

Upon review of the Magistrate Judge's Report and Recommendation, the Court finds that Plaintiff has failed to establish any facts that show Defendant Simmons either encouraged or directly participated in the alleged violations. Defendant Simmons was not involved in the arrest of Plaintiff. (ECF No. 11-2 ¶3.) As discussed *supra*, none of the Plaintiff's constitutional rights were violated so Defendant Simmons cannot be held responsible for the acts of Defendant Baker. Therefore, the Plaintiff's Objection to the Magistrate's Report and Recommendation on Defendant Simmons' immunity in his individual capacity is DENIED.

### G. The City of Humboldt's Liability Under 42 U.S.C. §1983

In order to prevail on a claim under Title VII, or 42 U.S.C. §1983, a plaintiff must show that she "was deprived of a right secured by the Federal Constitution or law of the United States by a person acting under the color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010). In order to impose liability on a municipality pursuant to §1983, the plaintiff must show that the municipality, through its deliberate conduct, was the moving force behind the injury. *Bryan County v. Brown*, 520 U.S. 397, 404 (1997). The Plaintiff must show that there was a direct causal link between the municipal action and the deprivation of federal rights. *Id.* In limited cases a municipality can be held liable under § 1983 for its failure to train its employees when the failure to train is "evidence of a 'deliberate indifference' to the rights of the

12

inhabitant." *Canton v. Harris*, 489 U.S. 378, 426-427 (1989).

The Magistrate Judge concluded, and this Court agrees, that Plaintiff has failed to provide any factual content that would support her § 1983 claim against the city of Humboldt. She has also failed to provide any factual basis to allow the Court to draw a reasonable inference that the City had a policy, custom, or procedure that caused violations of Plaintiff's constitutional rights. Therefore, the Plaintiff's Objection to the Magistrate's Report and Recommendation on the city of Humboldt's liability under U.S.C. §1983 is DENIED.

### H. Eighth Amendment Claim

Plaintiff does not oppose the entry of Summary Judgment on behalf of Defendants' City of Humboldt, Raymond Simmons, and Dale Baker regarding her Eighth Amendment claims. Therefore, Defendants' Motion for Summary Judgment in this regard is GRANTED.

### I. Fourteenth Amendment: Due Process

Defendants seek summary judgment on the Fourteenth Amendment claims. Plaintiff does not respond to this argument. Therefore, Defendants' Motion for Summary Judgment is GRANTED.

### J. Tennessee Constitution

Plaintiff does not oppose Defendants' motion for Summary Judgment on Plaintiff's claims that they committed violations of the Tennessee State Constitution. Therefore, Defendants' Motion for Summary Judgment in this regard is also GRANTED.

### K. City of Humboldt Liability

Defendants seek summary judgment pursuant to the Tennessee Governmental Tort Liability Act (GTLA) that the city is immune from suit for malicious prosecution, false arrest, intentional infliction of mental distress, abuse of process, and for claims arising out of violation

of Plaintiff's civil rights. Plaintiff does not oppose entry of Summary Judgment with regard to malicious prosecution, false arrest, intentional infliction of mental distress, and abuse of process claims. Therefore, Defendants' Motion for Summary Judgment is GRANTED.

Plaintiff contends that the Defendant City is not entitled to summary judgment on Plaintiff negligence claims under the GTLA. The Plaintiff argues that Defendants Baker and Simmons were acting in the scope of their employment at the time of Plaintiff's arrest and they were negligent in failing to conduct a reasonable inquiry and investigation prior to Plaintiff's arrest and prosecution. The Court has determined that there was probable cause to arrest Plaintiff. Therefore, the Defendants' Objection to the proposed findings of the Magistrate Judge with respect to this issue is DENIED.   Motion for Summary Judgment for negligence under the Governmental Tort Liability Act is GRANTED.

For the reasons stated above, the Court finds Plaintiff's objections are overruled and the Magistrate Judge's report and recommendation is ADOPTED.

The Defendants' Motion for Summary Judgment, ECF No. 11, GRANTED and the case DISMISSED as to these defendants only, City of Humboldt, Chief Raymond Simmons and Officer Dale Baker.

**IT IS SO ORDERED** this 15th of September, 2014.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT COURT
